[No. 8349.   Department Two.   January 8, 1910.]

PATRICK PHILBIN, *Respondent*, v. COLUMBIA & PUGET SOUND RAILROAD COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE OF MASTER—DEFECTIVE APPLIANCE—EVIDENCE—SUFFICIENCY.  There is sufficient evidence of negligence in the use of a pneumatic rivet hammer used in structural iron work without a wire attached to the rivet set to prevent the set from being thrown from the hammer when the air was accidently applied while the hammer was not in place, where it appears that the same was an effective safety device, in common use, easily attached without lessening the effectiveness of the hammer, and would have prevented the accident.

SAME—ASSUMPTION OF RISKS—CONTRIBUTORY NEGLIGENCE—INEXPERIENCED EMPLOYEES.  Whether an apprentice and helper assumed the risk in assisting a foreman who was working with a pneumatic rivet hammer without a wire attached to the rivet set as a safety appliance in case of accidental application of the air, or was guilty of contributory negligence, is for the jury, where it appears that he was twenty years of age, had never worked with a pneumatic hammer before, and did not know that the wire should be used.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 27, 1909, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by an apprentice in a machine shop through a defective appliance.   Affirmed.

*Farrell, Kane & Stratton* and *Peter L. Pratt*, for appellant.

*Thomas J. Casey* and *Solon T. Williams*, for respondent.

PARKER, J.—This is an action brought by the plaintiff to recover damages for personal injuries which he alleges resulted to him from the negligence of the defendant.   A trial before the court and a jury resulted in a verdict and judgment against defendant, from which it has appealed.

The principal question presented arises upon the suffi-

[1]Reported in 106 Pac. 169.

ciency of the evidence to sustain the verdict touching the negligence of the defendant in using a defective pneumatic riveting hammer. The plaintiff, at the time of the injury he complains of, was employed by defendant as an apprentice and helper in the construction of a freight conveyor, and was, by direction of defendant's foreman over him, engaged in holding an iron bar against the end of a rivet for the purpose of riveting together iron plates forming a part of the conveyor, while the foreman was operating a pneumatic hammer upon the rivet. While so engaged, the pneumatic hammer was permitted to be removed from off the rivet and away from the iron plate and pointed at the defendant while it was in operation; that is, while the air was being applied thereto, and the rivet set was thereby forced out of the pneumatic hammer and was thrown with great violence and struck plaintiff in the face, causing the injury, the nature and extent of which it is not necessary for us to notice.

The principal ground of negligence relied upon by plaintiff to show the liability of defendant is that the pneumatic hammer was defective and unsafe, in that it did not have any wire attachment to the rivet set, to keep it from being violently thrown out of and away from the hammer, when the air happens to be applied and it is not being held against a rivet or solid surface, which wire attachment plaintiff contends is necessary to the reasonable safe use of the hammer. Motions for nonsuit and for a directed verdict made by defendant's attorney at the close of plaintiff's evidence, and also at the close of all the evidence, being denied, the defendant appeals. The error assigned upon the court's disposition of these motions involves only the sufficiency of the evidence, showing defendant's negligence in its failure to have the wire attachment on the hammer, to sustain the verdict.

The evidence conclusively shows that there was no wire attachment upon the pneumatic hammer attached to the rivet set to prevent it being thrown from the hammer with con-

siderable force by the air, in the event the air should be applied when the hammer is not firmly pressed against a rivet or a solid surface. The air is applied by the operation of the hammer by a trigger, used somewhat as on a gun. The air is by this means applied when the hammer is pressed upon the rivet, and while so held and in operation it seems apparently safe. It is when the air is applied and the hammer set in motion without being held against a rivet or solid surface that the danger arises. This results in the ejection of the rivet set, a small piece of iron, much as a bullet is ejected from a gun.

It is claimed by respondent that a wire attached to the rivet set in such manner as is common in the use of the hammer by structural iron workers is a safety device, and will arrest the flight of the rivet set, at or very near the end of the hammer and thus prevent it being thrown, as it otherwise would be, with sufficient force to injure a person, as it did injure him in this instance. Appellant claims that the wire attachment is used only in riveting structural iron work where it is being carried on at some distance above ground, or on bridge work, and is simply a device to save time and prevent the necessity of descending to recover the rivet set, when accidentally ejected; that it is not a safety device, and is of no practical use for safety purposes, or as a protection to the person holding the bar against the rivet for the application of the hammer by the operator.

The evidence is somewhat in conflict upon these questions, but there was competent evidence tending to show, that the wire attachment was quite an effective safety device, especially in insuring the safety of the person holding the bar against the rivet, and is in common use in connection with the pneumatic hammer in structural iron work; that this was structural iron work, though not being carried on at a distance above the ground; that the wire attachment is of easy application and does not appreciably lessen the effectiveness of the hammer or interfere with its use; that when

properly applied it will arrest the flight of the rivet set very near the hammer, and cause it to drop and hang by the wire when accidentally ejected; that, if the rivet set of the hammer in use by appellant had been secured by such an attachment, respondent would not have been injured. No useful purpose would be served for us to review this evidence in detail here. We deem it sufficient to say that, from a careful reading of all the evidence, we are of the opinion that it was sufficient to support the conclusion that appellant was negligent in using this hammer without the wire attachment, and that respondent's injury was the result of such negligence.

Learned counsel for appellant also contend that the risk was assumed by respondent. The evidence shows that respondent was twenty years old and had considerable experience in iron work; he was, however, but little acquainted with the pneumatic hammer. He testified that he "did not know it (the wire) should be used," and never worked with any other pneumatic hammer than this one. We think this, like appellant's negligence, was a question of fact for the jury.

The contributory negligence of respondent is also urged as a defense. Upon this question the evidence is very meager and also conflicting. It was clearly not such as to enable us to say, as a matter of law, that appellant was relieved of liability by reason of respondent's contributory negligence.

Other alleged errors relate only to matters within the court's discretion occurring during the trial, and do not appear to us to have been prejudicial to appellant's rights. They are called to our notice only by being claimed as prejudicial without argument or citation of authorities, hence we do not feel called upon to discuss them. We find no error in the record, and therefore affirm the judgment.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.